ORIGINAL

FILED
08 MAY -5 PH 2: 12
RICHARD W. WIEKING
NORTHERN U.S. DISTRICT COURT
DISTRICT OF CALIFORNIA

1  Guy B. Wallace, State Bar No. 176151
Nancy Park, State Bar No. 236750
2  Christian Schreiber, State Bar No. 245597
SCHNEIDER WALLACE
3  COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
4  San Francisco, California 94104
Telephone: (415) 421-7100
5  Facsimile: (415) 421-7105
TDD: (415) 421-1655
6
Stephen M. Murphy, State Bar No. 103768
7  Law Office of Stephen M. Murphy
180 Montgomery Street, Suite 940
8  San Francisco, CA 94104
Telephone: (415) 986-1338
9  Facsimile: (415) 986-1231
10
11  Attorneys for Plaintiffs
12

E-filing

### UNITED STATES DISTRICT COURT

13
### NORTHERN DISTRICT OF CALIFORNIA
14
### SAN FRANCISCO/OAKLAND DIVISION
15

**VRW**

16  CRAIG YATES, ELLEN LIEBER, RUSS
BOHLKE, and VICKY BOHLKE, on behalf
17  of themselves and all others similarly situated,

18              Plaintiffs,

19        vs.

20  THE COUNTY OF MARIN ("the
COUNTY"); STEVE KINSEY, in his official
21  capacity as President of the Board of
Supervisors; SUSAN L. ADAMS, HAROLD
22  C. BROWN, JR., CHARLES McGLASHAN,
and JUDY ARNOLD, in their official
23  capacities as members of the Board of
Supervisors;
24
25  Defendants.
26
27
28

No. _____
CV 08 2312

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR DISCRIMINATION AGAINST PERSONS WITH DISABILITIES IN VIOLATION OF: THE AMERICANS WITH DISABILITIES ACT OF 1990; SECTION 504 OF THE REHABILITATION ACT OF 1973; CAL. CIV. CODE §§51, *ET SEQ.*, CAL. CIV. CODE §§54, *ET SEQ.*, AND CAL. GOVT. CODE §§11135, *ET SEQ.***

**CLASS ACTION**

1

## INTRODUCTON

2          1.          This action seeks to redress the COUNTY OF MARIN's failure to provide to persons

3    with mobility disabilities the minimum legally required access to the facilities, programs, services,

4    and activities owned, operated, controlled, provided and/or maintained by the COUNTY OF MARIN

5    (hereafter "the COUNTY").  Plaintiffs CRAIG YATES, ELLEN LIEBER, RUSS BOHLKE, and

6    VICKY BOHLKE have suffered ongoing deprivations of their civil rights as well as loss of equal

7    access because of the COUNTY's repeated violations of federal and state disability

8    nondiscrimination laws regarding access for persons with mobility disabilities.  The facilities owned,

9    operated, or controlled by the COUNTY are characterized by multiple, pervasive, and hazardous

10   physical access barriers.  The COUNTY's architectural barriers include, *inter alia*, inaccessible

11   public buildings, inaccessible paths of travel within public buildings, inaccessible service counters

12   within public buildings, inaccessible or nonexistent parking for the disabled, inadequate signage and

13   excessive door pressures in public buildings, inaccessible or non-operational elevators within public

14   buildings, and inaccessible public parks and open spaces.  Many of these barriers constitute safety

15   hazards to persons who have mobility disabilities.

16         2.          The COUNTY has also failed to adopt and implement effective policies to ensure that

17   its public facilities and programs are readily accessible to and usable by persons with mobility

18   disabilities.  The COUNTY has performed new construction and alterations to its existing facilities

19   without complying with federal state disability access design standards.  The COUNTY has known

20   for over 30 years that it was required by Section 504 of the Rehabilitation Act of 1973 and its

21   accompanying regulations to address its unequal facilities in the form of a Self-Evaluation Plan and a

22   Transition Plan, in which the COUNTY identified all facilities, programs, services, and activities that

23   deny equal access to persons with disabilities.  The COUNTY has also known for over 30 years that it

24   was required by Section 504 of the Rehabilitation Act of 1973 and its accompanying regulations to

25   have implemented structural changes to create equal access to the facilities owned, operated,

26   controlled and/or maintained by the COUNTY.  In addition, the COUNTY has known that it was

27   required under Title II of the Americans with Disabilities Act of 1990 ("ADA") to make structural

28

1   changes to create equal access to its facilities by January 26, 1995. Further, the County has been

2   aware that it was required to adopt and implement and ADA self-evaluation and transition plan

3   pursuant to Government Code §§11135, *et seq.* The COUNTY has failed to meet these federal and

4   state requirements, failed to develop and implement adequate plans, and has denied equal access to

5   persons with physical disabilities. The President of the Board of Supervisors of the COUNTY and

6   the other members of the COUNTY's Board of Supervisors are each responsible for ensuring

7   compliance with federal and state law within and by the COUNTY's various facilities, programs,

8   services, and activities. Despite the obligation of the Board of Supervisors to ensure that the

9   COUNTY complies fully with federal and state disability non-discrimination laws, they have failed

10  and refused to ensure such compliance.

11      3.      Plaintiffs seek declaratory and injunctive relief against the Defendants for severely

12  limiting Plaintiffs' access to the COUNTY's programs, facilities, services, and activities by

13  knowingly refusing to eliminate architectural and programmatic barriers, resulting in emotional and

14  physical distress to Plaintiffs and violating Title II of the Americans With Disabilities Act; 42 U.S.C.

15  §12101 *et seq.*, and its accompanying regulations; Section 504 of the Rehabilitation Act of 1973, as

16  amended; 29 U.S.C. §794, and its accompanying regulations; 42 U.S.C. §1983; California Civil Code

17  §§51 *et seq.*; California Civil Code §§54, *et seq.*; and California Government Code §§11135, *et seq.*

18      4.      Plaintiffs have no adequate remedy at law and, unless Defendants are preliminarily and

19  permanently enjoined, Plaintiffs will continue to suffer irreparable harm as a result of their exclusion

20  from basic programs, facilities, services, and activities.

21                                          **JURISDICTION**

22      5.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§1331,

23  1343(a)(3)-(4). The Americans with Disabilities Act, 42 U.S.C. §§12101, *et seq.*; Section 504 of the

24  Rehabilitation Act of 1973, as amended; 29 U.S.C. §794; and 42 U.S.C. §1983 present federal

25  questions and confer jurisdiction on this Court over Plaintiffs' claims regardless of the amount in

26  controversy. Pursuant to 28 U.S. C. §1367, this Court has supplemental jurisdiction over Plaintiffs'

27  pendant claims under California law.

28

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

1

## VENUE

2   6.   Venue is proper in the Northern District of California, the judicial district in which

3   these claims have arisen, pursuant to 28 U.S.C. §1391(b).

4

## INTRADISTRICT ASSIGNMENT

5   Assignment of this action to the United States District Court for the Northern District of

6   California, San Francisco/Oakland, is proper pursuant to Civil L.R. 3-2 because these civil claims

7   arose in Marin County, which is within the San Francisco/Oakland District.

8

## THE PARTIES

9   7.   Plaintiff CRAIG YATES is a person with a mobility disability within the meaning of

10   all applicable statutes, and he is a qualified person with a mobility disability within the meaning of

11   Title II of the ADA and Section 504 of the Rehabilitation Act of 1973. CRAIG YATES is a triplegic

12   (he has no use of his left arm) with impaired motor and sensory functions. He has been disabled

13   since he was injured in an automobile accident in 1995. He uses a power wheelchair for mobility.

14   Plaintiff CRAIG YATES is a resident of Marin County and is a citizen of the State of California and

15   the United States. He has paid taxes to the COUNTY for ten years. Plaintiff CRAIG YATES is the

16   chair of the Marin County Committee on Disabilities and the president of the Indoor Sports Club. He

17   is also a member of the Access Denial Appeal Commission and the Permit Denial Appeal Board.

18   8.   Plaintiff ELLEN LIEBER is a person with a mobility disability within the meaning of

19   all applicable statutes, and she is a qualified person with a disability within the meaning of Title II of

20   the ADA and Section 504 of the Rehabilitation Act of 1973. ELLEN LIEBER has rheumatoid

21   arthritis. She has five artificial joints and since 1994 has had to use a scooter for mobility. Plaintiff

22   ELLEN LIEBER is a resident of Marin County and is a citizen of the State of California and the

23   United States. Plaintiff ELLEN LIEBER is a member of the County Paratransit Coordinating

24   Council.

25   9.   Plaintiff RUSS BOHLKE is a person with a mobility disability within the meaning of

26   all applicable statutes, and he is a qualified person with a disability within the meaning of Title II of

27   the ADA and Section 504 of the Rehabilitation Act of 1973. RUSS BOHLKE is a quadriplegic with

28

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

1   impaired motor and sensory functions. He has been disabled since he was injured in a football

2   accident in 1948. He uses both a manual and a power chair for mobility. Plaintiff RUSS BOHLKE is

3   a resident of Marin County and is a citizen of the State of California and the United States. He has

4   paid taxes to the COUNTY for 40 years.

5       10.    Plaintiff VICKY BOHLKE is a person with a mobility disability within the meaning of

6   all applicable statutes, and she is a qualified person with a mobility disability within the meaning of

7   Title II of the ADA and Section 504 of the Rehabilitation Act of 1973. VICKY BOHLKE has

8   rheumatoid arthritis. She can walk for limited distances, but uses a power chair for mobility.

9   Plaintiff VICKY BOHLKE is a resident of Marin County and is a citizen of the State of California

10  and the United States. She has paid taxes to the COUNTY for 25 years.

11      11.    The COUNTY is a local government, with responsibility for providing Plaintiffs with

12  access to its public programs, facilities, services, and activities.

13      12.    CHARLES McGLASHAN is the President of the Board of Supervisors. SUSAN L.

14  ADAMS, HAROLD C. BROWN, JR., STEVE KINSEY, and JUDY ARNOLD are members of the

15  Board of Supervisors (hereinafter "the Board"). The Board is legally responsible for ensuring the

16  COUNTY complies with federal and state law.

17      13.    The COUNTY and the Board will be collectively referred to as "Defendants."

18                      **FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

19      14.    The COUNTY receives federal funds for its programs, and has received such funds

20  since 1978.

21      15.    The COUNTY has numerous illegal physical and programmatic barriers to residents,

22  visitors, and other individuals who use wheelchairs and/or who have mobility disabilities, including

23  Plaintiffs CRAIG YATES, ELLEN LIEBER, RUSS BOHLKE, and VICKY BOHLKE, which deny

24  or limit such persons full and equal access to the COUNTY's public premises, facilities, programs,

25  services, and activities. Examples of such barriers include the following:

26          a.  Public buildings and spaces (including, but not limited to, key and unique

27              administrative buildings, museums and cultural centers, and exhibition centers) that

28

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

house the facilities, programs, services, and activities offered by the COUNTY
contain ramps that are too steep, constituting safety hazards to persons with
mobility disabilities;

b.  Many of the aforementioned public facilities contain hazardous or inaccessible
    paths of travel, making them unsafe for persons with mobility disabilities;

c.  Many of the aforementioned public facilities contain restrooms that are inaccessible
    to persons with mobility disabilities;

d.  Many of the aforementioned public facilities are inaccessible to persons with
    mobility disabilities because the entryways are too steep;

e.  Many of the aforementioned public facilities contain inadequate elevators that make
    certain floors difficult to access for persons with mobility disabilities;

f.  Many of the aforementioned public facilities contain service counters that are
    inaccessible to persons with mobility disabilities;

g.  Many of the aforementioned public facilities contain inadequate signage, making
    them inaccessible to persons with mobility disabilities;

h.  Many of the aforementioned public facilities contain door hardware or excessive
    door pressures that prevent access through the doors to persons with mobility
    disabilities;

i.  Many of the aforementioned public facilities lack or have insufficient parking that
    is accessible to persons with mobility disabilities;

j.  Many of the COUNTY 's parks and open spaces, are either inaccessible, or are only
    partially accessible, to persons with mobility disabilities;

16.    The COUNTY has received numerous complaints regarding these and similar access
barriers, yet the COUNTY has failed to come into full compliance with applicable laws

1  notwithstanding the severe negative impact that this conduct has caused for Plaintiffs CRAIG

2  YATES, ELLEN LIEBER, RUSS BOHLKE and VICKY BOHLKE, as well as other persons with

3  mobility disabilities.

4      17.    Because of Defendants' misconduct and failure to remove architectural and

5  programmatic access barriers, Plaintiffs have been denied full and equal access to the COUNTY's

6  programs, facilities, services, and activities. Plaintiffs have suffered and risk suffering severe

7  physical injury and damage to their self-esteem because Defendants have failed and refused to ensure

8  that the COUNTY complies with federal and state disability anti-discrimination laws, including the

9  COUNTY's failure to remove illegal and hazardous architectural and programmatic barriers.

10      18.    Defendants have known for years that it is operating illegal facilities and programs,

11  which, by reason of multiple and severe architectural barriers, discriminate against persons with

12  mobility disabilities. Despite this knowledge, Defendants have intentionally refused to comply with

13  federal and state disability non-discrimination laws.

14      19.    The Board is legally responsible for failing to ensure the COUNTY's full compliance

15  with federal and state law, as alleged in this Complaint.

16      20.    Plaintiff CRAIG YATES travels to many parts of the COUNTY, and has been denied

17  access at many points throughout the COUNTY.

18      21.    Plaintiff CRAIG YATES is a triplegic and must use a power wheelchair for mobility.

19  CRAIG YATES experiences mobility difficulties due to inaccessible county facilities and

20  inaccessible county parks and open spaces. CRAIG YATES has been repeatedly and routinely

21  denied full and equal access to the COUNTY's facilities, programs, services, and activities because

22  of Defendants' refusal and failure to provide the legally required access to the COUNTY's facilities.

23      22.    As a wheelchair user, Plaintiff CRAIG YATES does not have full access to the Marin

24  County Civic Center, which he visits several time per month to attend meetings for Marin Transit, the

25  Access Denial Appeal Commission, the Permit Denial Appeal Board, as well as to attend exhibits and

26  fairs held on the fair grounds.

27

28

1    23.    When attending events at the Exhibit Hall, Plaintiff CRAIG YATES encounters food
2    counters that are inaccessible because they are too high.

3    24.    Many of the "accessible" bathrooms in the Civic Center are not fully accessible to
4    Plaintiff CRAIG YATES, as the placement and weight of the stall doors makes them difficult to open
5    and close.

6    25.    The jury box in the courtroom at the Civic Center is inaccessible. When Plaintiff
7    CRAIG YATES was called for jury duty, he had to sit outside the jury box, segregated from the rest
8    of the jury. Furthermore, because the bathroom in the jury deliberation room was not accessible,
9    CRAIG YATES had to use a bathroom in the main part of the building, often being forced to rush
10    back to the courtroom before the break was over. CRAIG YATES was noticed for jury duty for
11    February 2008, but submitted a request to be excused from jury duty because of these access barriers.
12    CRAIG YATES received a permanent abstention. CRAIG YATES would like to serve on a jury, but
13    would rather abstain than serve as a segregated juror.

14    26.    Plaintiff CRAIG YATES visits the Housing Authority several times a year. The
15    Housing Authority is not fully accessible to Plaintiff CRAIG YATES. The pathways between the
16    cubicles where the counselors are located are not wide enough, and the accessible parking spaces are
17    not located on the shortest accessible route to the building.

18    27.    Plaintiff CRAIG YATES has attended the College of Marin and has worked with Chris
19    Schultz (chairman of the Disabled Students Programs and Services) on accessibility issues. When he
20    took classes or worked with Chris Schultz, CRAIG YATES traveled to the college approximately
21    twice a month. The steep curb ramps on College Avenue near the college made the college difficult
22    for him to access. The path of travel that leads to the Disabled Students Programs and Services
23    Building (the point where Sir Francis Drake Blvd. turns into Laurel Ave.) was not accessible, as the
24    sidewalk ended at a group of trees, picking up on the other side of the trees, but making this section
25    of the sidewalk completely inaccessible. There was no signage that indicated that the sidewalk was
26    missing.

27

28

1      28.    Plaintiff CRAIG YATES regularly travels along Seminary Drive to meet friends at

2  locations within the Strawberry Village shopping center. When traveling along Seminary Drive,

3  Plaintiff CRAIG YATES encounters uneven sidewalks and uneven curb ramps.

4      29.    Plaintiff CRAIG YATES eats at the Buckeye Roadhouse Restaurant on Highway 101

5  several times a year. The restaurant is not safely accessible to Plaintiff CRAIG YATES because

6  there is no safe path of travel between the restaurant and the parking lot, which is a CalTrans parking

7  lot that is on the opposite side of the highway.

8      30.    Near the intersection of Redwood Highway and Seminary Drive is a lagoon that

9  Plaintiff CRAIG YATES goes to several times a year. The path surrounding this lagoon is not

10  accessible to Plaintiff CRAIG YATES because it is too narrow for him to be able to turn around in

11  his wheelchair.

12      31.    Paradise Beach is not accessible to Plaintiff CRAIG YATES. The pedestrian pathways

13  are too steep and narrow for him to use; the bathrooms are not accessible; and the parking lot does

14  not have enough accessible spaces. These access barriers have deterred Plaintiff CRAIG YATES

15  from returning to Paradise Beach since 2005.

16      32.    McInnis Park is not accessible to Plaintiff CRAIG YATES. The front entrance is

17  completely inaccessible to him and other wheelchair users, and the entrance through the parking lot is

18  inaccessible because the parking lots, which are not properly paved or marked, are inaccessible. The

19  park also lacks accessible bathrooms and accessible paths of travel. Plaintiff CRAIG YATES goes to

20  McInnis Park approximately once a month for Indoor Sports Club meetings that are held at the café

21  in the park.

22      33.    The Terra Linda Open Space is not accessible to Plaintiff CRAIG YATES. The

23  pedestrian pathway that runs through the preserve is a dirt pathway that is inaccessible to CRAIG

24  YATES and other wheelchair users. CRAIG YATES visits the Terra Linda open space

25  approximately once every other month, but is unable to use any of the pathways.

26      34.    Plaintiff ELLEN LIEBER travels to many parts of the COUNTY, and has been denied

27  access at many points throughout the COUNTY.

28

1    35.    Plaintiff ELLEN LIEBER has rheumatoid arthritis and must use a scooter for mobility.

2    Plaintiff ELLEN LIEBER experiences mobility difficulties due to inaccessible county buildings and

3    parks. Plaintiff ELLEN LIEBER has been repeatedly and routinely denied full and equal access to

4    the COUNTY's facilities, programs, services, and activities because of Defendants' refusal and

5    failure to provide the legally required access to the COUNTY's facilities.

6    36.    Plaintiff ELLEN LIEBER visits the Marin Civic Center approximately once a month to

7    attend craft fairs such as the Quilt and Needlework Show and the Pottery and Blown Glass Fair. She

8    also goes to the Civic Center to attend concerts and other performing arts shows.

9    37.    When Plaintiff ELLEN LIEBER goes to the Civic Center, she parks near the jail,

10    regardless of what facility she is visiting, because the jail parking lot offers more accessible spots

11    than the parking lots closer to the Civic Center.

12    38.    When Plaintiff ELLEN LIEBER goes to the Exhibit Hall, she does not have access to

13    accessible bathrooms. The bathrooms in the Exhibit Hall do not have doors that open automatically

14    and have anterooms that are so small that when Plaintiff ELLEN LIEBER is in an anteroom, she does

15    not have enough room to open the door to the restroom. In order to exit the bathrooms, she must wait

16    for someone to open the doors for her. The interiors of the bathrooms are also inaccessible, as the

17    grab bars in the stalls are too far from the wall and pose a threat of injury because Plaintiff ELLEN

18    LIEBER's arm could slip through the space between a grab bar and the wall. During her visits to the

19    Exhibit Hall, ELLEN LIEBER generally avoids going to the bathrooms because of the access barriers

20    she encounters when she tries to use them.

21    39.    The lagoon area on the Civic Center grounds is inaccessible to Plaintiff ELLEN

22    LIEBER. While she can access the island in the lagoon by an asphalt path, which crosses the lagoon,

23    the island itself is inaccessible, as it is completely covered by dirt and grass and potholes that are not

24    visible under the grass. When attending concerts, which are frequently held on the island, ELLEN

25    LIEBER must stay on the far end of the island where the asphalt path ends, or risk tipping over in her

26    scooter while trying to cross the unpaved grounds. From this point, ELLEN LIEBER cannot see the

27    stage. That is, she cannot watch any of the performances; she can only listen to them.

28

1    40.    When attending events on the Fair Grounds, Plaintiff ELLEN LIEBER encounters food
2    stands in the concession areas that are inaccessible because they are too high. The concession stands
3    are further inaccessible because the concession area is unpaved.

4    41.    Plaintiff ELLEN LIEBER cannot access Tamalpais Valley roads because she lives on
5    the opposite side of Shoreline Highway and there is no safe way for her to cross Shoreline Highway.
6    Shoreline Highway has crosswalks for pedestrians to cross, but these crosswalks are inaccessible to
7    Plaintiff ELLEN LIEBER, as Shoreline Highway does not have any sidewalks that ELLEN LIEBER
8    can travel on to access the crosswalks. The only means of accessing the crosswalks are bike lanes,
9    which are not wide enough to accommodate ELLEN LIEBER's scooter. Because she cannot cross
10    over Shoreline Highway in her scooter, ELLEN LIEBER must use paratransit services whenever she
11    wants to go somewhere in Tamalpais Valley. Using paratransit services, however, makes what would
12    be a 20- to 30-minute trip into one that can be over an hour (as ELLEN LIEBER must be available
13    for pick-up within a one-our time frame). But for the hassle of using paratransit, ELLEN LIEBER
14    would go to Tamalpais Valley several times a month for activities such as bingo, the Rhubarb
15    Review, and other events offered for seniors at the community center. Because of the access barriers,
16    however, ELLEN LIEBER goes to other community centers that are more accessible to her.

17    42.    Plaintiff ELLEN LIEBER encounters access barriers in the COUNTY's parks. When
18    traveling the Corte Madera Creek Pathway (coming from the Larkspur Ferry Landing), Plaintiff
19    ELLEN LIEBER encounters a pathway made uneven by tree roots, and too steep as it approaches
20    College Avenue. The benches and picnic tables along this pathway are also inaccessible, as they are
21    set off the pathway in the grass. ELLEN LIEBER encounters these barriers when she goes to
22    physical therapy at the Bon Air Center.

23    43.    Plaintiffs RUSS and VICKY BOHLKE travel to many parts of the COUNTY, and have
24    been denied access at many points throughout the COUNTY.

25    44.    Plaintiff RUSS BOHLKE is a quadriplegic and must use a wheelchair for mobility.
26    Plaintiff VICKY BOHLKE has rheumatoid arthritis and must use a motor chair for mobility.
27    Plaintiffs RUSS and VICKY BOHLKE experience mobility difficulties due to inaccessible public
28

1    facilities. Plaintiffs RUSS and VICKY BOHLKE have been repeatedly and routinely denied full and

2    equal access to the COUNTY's facilities, programs, services, and activities because of Defendants'

3    refusal and failure to provide the legally required access to the COUNTY's facilities.

4        45.    Plaintiffs RUSS and VICKY BOHLKE go to the Marin Civic Center about once a

5    month to access many of the County's administrative, financial, and community services departments

6    that are located there. In years past, however, when they were members of the Paratransit

7    Coordinating Counsel, they went to the Civic Center several times each month.

8        46.    The Civic Center does not have adequate accessible parking. The parking lot on the

9    south end of the building, which is closest to the main entrance, has only five accessible spaces.

10   Approximately 15 more accessible spaces are located on the opposite end of the building, but this

11   parking lot is built on a hill, which makes entering and exiting a car difficult for RUSS and VICKY

12   BOHLKE. RUSS and VICKY BOHLKE rarely have a choice of where to park because the spaces on

13   the south end lot are usually full. When the office they are visiting at the Civic Center is on the south

14   end and they have to park on the north end, they have to travel the length of the building by

15   wheelchair.

16       47.    Travel from the parking lots to the Civic Center facility entrances is difficult for RUSS

17   and VICKY BOHLKE because many of the paths of travel are uneven and too steep.

18       48.    Whenever RUSS BOHLKE and VICKY BOHLKE cannot find accessible parking at

19   the Civic Center, they park in the Embassy Suites parking lot. The bridge that connects the Embassy

20   Suites parking lot and the Civic Center property, however, is not accessible because the asphalt on the

21   south end of the bridge is broken and pitted. RUSS BOHLKE has caught the wheels of his chair in

22   these holes.

23       49.    While many of the entrances to the Civic Center have automatic doors, only one of the

24   doors opens, which does not provide enough clearance for RUSS and VICKY BOHLKE to enter.

25       50.    Many of the "accessible" bathrooms in the Civic Center are not fully accessible to

26   RUSS and VICKY BOHLKE, as the stall doors are difficult to close once inside a stall. The Civic

27   Center does not have signage indicating where fully accessible stalls are located.

28

1    51.    When RUSS and VICKY BOHLKE have to go to the second floor of the Civic Center,

2    they must take two elevators because the Civic Center does not have an elevator that goes directly

3    from the first floor to the second floor (although, it does have escalators that connect the first and

4    second floors).  To reach the second floor from the first floor, they must take an elevator up to the

5    third floor, travel 100 to 200 yards across the building to take another elevator down to the second

6    floor.

7    52.    RUSS and VICKY BOHLKE go to the voting office at the Civic Center to report

8    access barriers at voting locations.  The counters at the voting office are not accessible to RUSS and

9    VICKY BOHLKE because they are too high.

10    53.    Plaintiffs RUSS and VICKY BOHLKE go to the Marin Housing Authority once or

11    twice a year.  When going to the Housing Authority, RUSS and VICKY BOHLKE must drive

12    themselves rather than use public transportation because the Housing Authority is inaccessible by

13    public transportation, as it is located at the top of a hill and the bus stop is located at the bottom of the

14    hill.  When driving themselves, however, RUSS and VICKY BOHLKE still face access barriers as

15    the parking lot has only one or two accessible parking spaces, which are located on a hill, making

16    entering and exiting their car difficult.

17    54.    Plaintiffs RUSS and VICKY BOHLKE go to the College of Marin campus several

18    times a year for Indoor Sports Club meetings.  The sidewalks around the college are inaccessible

19    because they have cross-slopes that are too steep and are upturned by tree roots.

20    **CLASS ALLEGATIONS**

21    55.    The named Plaintiffs bring this action on behalf of themselves and all persons similarly

22    situated.  The class that Plaintiffs seek to represent is comprised of all residents of Marin County who

23    have mobility disabilities and who seek to have access to and use its facilities, programs, services,

24    and activities.

25    56.    The members of the proposed class are so numerous that joinder of all such persons is

26    impracticable and the disposition of their claims in a class action is a benefit both to the parties and to

27    this Court.

28

1    57.    There is a well-defined community of interest among the members of the proposed

2    class in the questions of law and fact to be decided in this case. All members of the class have been

3    and continue to be denied their civil rights to full and equal access to, and use and enjoyment of, the

4    facilities, programs, services and activities operated by Defendants because of the violations of

5    disability access laws alleged herein.

6    58.    There are numerous questions of law and fact common to the class, including, but not

7    limited to, the following:

8
9          a.    Whether the COUNTY adopted a "transition plan" as required by 28 C.F.R. §35.150(d)
                 and Govt. Code §11135(b);

10         b.    Whether any transition plan adopted by the COUNTY was adequate;

11         c.    The extent to which any transition plan adopted by the COUNTY remains

12               unimplemented;

13         d.    Whether any self-evaluation conducted by the county was adequate;

14         e.    Whether the COUNTY's public facilities, parks, and open spaces, owned and operated

15               by the COUNTY contain physical barriers to access by persons with mobility

16               disabilities which violate the disability access laws alleged herein and applicable

17               regulations;

18         f.    Whether physical barriers to access deprive class members, including the named

19               Plaintiffs, of full and equal access to, and the use and enjoyment of, programs, services

20               and activities offered by the COUNTY.

21         g.    Whether facilities or parts of facilities owned or operated by the COUNTY are "new

22               construction" and/or "alterations" within the meaning of 28 C.F.R. §35.151;

23         h.    Whether facilities or parts of facilities owned or operated by the COUNTY that

24               constitute "new construction" or "alterations" are in compliance with 28 C.F.R.

25               §35.151.

26    59.    The issues of law and fact common to the class predominate over individual issues.

27

28

1    60.    The claims of the named Plaintiffs are typical of those of the class in that they arise

2    from the same course of conduct engaged in by the COUNTY. The relief sought herein will benefit

3    all class members alike.

4    61.    The COUNTY has acted and refused to act on grounds generally applicable to the

5    class, making the declaratory and injunctive relief sought on behalf of the class as a whole

6    appropriate.

7    62.    The named Plaintiffs will fairly and adequately represent the interests of the class.

8    They have no interests adverse to the interests of other members of the class and have retained

9    counsel who are competent and experienced in litigating complex class actions, including large-scale

10   disability rights class action cases.

11   63.    A class action is superior to other methods for the fair and efficient adjudication of this

12   controversy, since joinder of all members of the class is impracticable.

13   64.    References hereafter to Plaintiffs include the named Plaintiffs and each member of the

14   class.

15   **FIRST CLAIM**
**Violations of the Americans with Disabilities Act of 1990**

16

17   65.    Plaintiffs incorporate by reference as though fully set forth herein the preceding

18   paragraphs of this Complaint.

19   66.    The acts alleged herein constitute violations of Title II of the Americans with

20   Disabilities Act of 1990, 42 U.S.C. §§12131, *et seq.*, and the regulations promulgated thereunder.

21   Title II of the ADA provides, *inter alia*, that (a) people with disabilities shall not be excluded from

22   participation in, nor be denied the benefits of any services, programs, or activities of a public entity,

23   or be subjected to discrimination by any such entity; (b) a public entity may not provide a qualified

24   person with a disability any aid, benefit, or service that is inferior to that received by non-disabled

25   persons; (c) public entities and recipients of federal monies that employ fifteen or more persons shall

26   adopt and complete implementation of an effective transition plan no later than January 26, 1995.

27

28

1    67.    The COUNTY is a public and local government entity within the meaning of Title II of

2    the ADA and employs more than fifteen employees at all times relevant to this action.

3    68.    Defendants' discriminatory conduct alleged herein constitutes, *inter alia*, (a) failure to

4    provide safe and equal access to the COUNTY's programs, facilities, services, and activities; (b)

5    denial of access to the COUNTY's programs, facilities, services, and activities; (c) failure to

6    formulate and implement an adequate self-evaluation and transition plan (including failure to develop

7    an evacuation plan for persons with disabilities in the event of fire or earthquake); (d) failure to take

8    prompt and equitable steps to remedy its discriminatory conduct; and (e) failure to maintain in

9    operable condition those features of facilities and equipment Title II of the ADA requires to be

10   readily accessible to and usable by persons with disabilities.

11   69.    The premises administered by Defendants include buildings, structures, and related

12   facilities within the meaning of the Americans with Disabilities Act Accessibility Guidelines

13   ("ADAAG") and the Uniform Federal Access Standards ("UFAS"). Plaintiffs are informed and

14   believe, and on that basis allege, that since January 26, 1992, Defendants have constructed, altered, or

15   repaired parts of these premises within the meaning of the ADAAG and the UFAS, and that

16   Defendants have failed and refused to provide access as required under federal accessibility

17   standards.

18   70.    Pursuant to 42 U.S.C. §12133 and the remedies, procedures, and rights set forth in §794

19   of Title 29 incorporated therein, Plaintiffs pray for judgment as set forth below.

**SECOND CLAIM**
**Violations of Section 504 of the Rehabilitation Act of 1973**

20

21

22   71.    Plaintiffs incorporate by reference as though fully set forth herein the preceding
paragraphs of this Complaint.

23

24   72.    The acts alleged herein constitute violations of Section 504 of the Rehabilitation Act of

25   1973, 29 U.S.C. §§794, *et seq.*, and the regulations promulgated thereunder. Section 504 of the

Rehabilitation Act provides, *inter alia*, that no otherwise qualified individual with a disability shall,

26   solely by reason of his or her disability, be excluded from the participation in, be denied the benefits

27

28

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

1   of, or be subjected to discrimination under any program or activity receiving federal financial

2   assistance.

3       73.    The COUNTY is a direct recipient of federal financial assistance sufficient to invoke

4   the coverage of Section 504, and has received such federal financial assistance at all times relevant to

5   the claims asserted in this Complaint.

6       74.    Defendants have violated Plaintiffs' rights under Section 504 of the Rehabilitation Act

7   of 1973 and the regulations promulgated thereunder by: (1) denying Plaintiffs their right to full,

8   equal, and safe access to the programs, facilities, services, and activities offered by the COUNTY; (2)

9   failing to develop and implement an adequate self-evaluation and transition plan that sets forth the

10  steps necessary to achieve full and equally effective access for persons with disabilities; and (3) by

11  otherwise discriminating against the Plaintiffs solely by reason of their disabilities.

12      75.    The premises owned and operated by Defendants include buildings, structures, and

13  related facilities within the meaning of the Americans with Disabilities Act Accessibility Guidelines

14  (ADAAG) and the Uniform Federal Access Standards (UFAS).  Plaintiffs are informed and believe,

15  and on that basis allege, that since June 3, 1977, Defendants have constructed, altered or repaired

16  parts of these premises within the meaning of the ADAAG, the UFAS, and applicable federal

17  disability access design standards, and that Defendants have failed and refused to provide access as

18  required under federal accessibility standards.

19                                  **THIRD CLAIM**
                                    42 U.S.C. §1983
20                  **(Against the Board of Supervisors in their Official Capacities)**

21      76.    Plaintiffs incorporate by reference as though fully set forth herein the preceding

22  paragraphs of this Complaint.

23      77.    The acts and omissions of the Board of Supervisors, under color of law as well as

24  official policy and custom, as hereinabove set forth, deprive Plaintiffs of their rights under Section

25  504 of the Rehabilitation Act of 1973 and Title II of the ADA in violation of 42 U.S.C. §1983, for

26  which Plaintiffs seek and are entitled to injunctive and declaratory relief.

27      78.    The acts of Defendants as herein alleged were willful, intentional, and oppressive.

28

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

1

2

## FOURTH CLAIM
### (Violations of California Civil Code §§51, *et seq.*)

3

4

79.    Plaintiffs incorporate by reference as though fully set forth herein the preceding paragraphs of this Complaint.

5

6

7

8

9

10

80.    Defendants own, operate and/or lease business establishments within the meaning of the Unruh Civil Rights Act.  COUNTY facilities are public accommodations whose facilities and programs are open to the general public and are operated for the public benefit.  The COUNTY provides its services and facilities to the public, enters into business contracts with a myriad of business entities, and markets and promotes its programs, services, facilities and activities to the general public.

11

12

13

14

81.    The actions of Defendants constitute intentional discrimination against disabled persons and a violation of the Unruh Civil Rights Act, Cal. Civ. Code §§51, et seq., in that physically disabled persons have been and are denied full and equal accommodations, advantages, facilities, privileges, and services provided to non-disabled persons.

15

16

17

82.    The actions of Defendants were and are in violation of the Unruh Civil Rights Act, Cal. Civ. Code §§51, *et seq.* and therefore Plaintiffs are entitled to injunctive relief and reasonable attorneys' fees and costs.

18

19

## FIFTH CLAIM
### (Violations of Cal. Civ. Code §§ 54, *et seq.*)

20

21

83.    Plaintiffs incorporate by reference as though fully set forth herein the preceding paragraphs of this Complaint.

22

23

24

25

26

84.    The facilities of the COUNTY constitute places of public accommodation and places to which the general public is invited within the meaning of California Civil Code §§54.1, *et seq.*  The COUNTY provides its services and facilities to the public, enters into business contracts with a myriad of business entities, and markets and promotes its programs, services, facilities and activities to the general public.

27

28

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

1    85.    Defendants' discriminatory conduct also includes the COUNTY's failure to comply

2  with California Government Code §§4450, *et seq.*  California Government Code §§4450, *et seq.*

3  requires that all buildings, structures, sidewalks, curbs and related facilities that are constructed with

4  the use of state, county, or municipal funds must provide full and equal access to persons with

5  disabilities.  The accessibility standards required that in no instances shall such standards of

6  accessibility and usability provided be a lesser standard than that provided by the Accessibility

7  Guidelines prepared by the federal Access Board as adopted by the United States Department of

8  Justice to implement the Americans with Disabilities Act of 1990.  The County of Marin is an entity

9  that is funded directly by the State of California and/or that receives financial assistance from the

10  State of California.

11    86.    Defendants have failed to ensure that all buildings, structures, sidewalks, curbs and

12  related facilities of the COUNTY provide full and equal access to persons with disabilities, as

13  required by California Government Code §§4450, *et seq.* and Cal. Civ. Code §§54, *et seq.* Defendants

14  have also failed to rectify the unauthorized deviations from applicable regulations and building

15  standards by full compliance within 90 days after discovery of the deviation, as required by Cal.

16  Govt. Code §4452 and Cal. Civ. Code §§54, *et seq.*

17    87.    Defendants have violated and continues to violate Plaintiffs' rights under Civil Code

18  §§54, *et seq.* and therefore, Plaintiffs are entitled to injunctive relief and reasonable attorneys' fees

19  and costs.

20  **SIXTH CLAIM**
**(Violations of Cal. Govt. Code §§11135, *et seq.*)**

21

22    88.    Plaintiffs incorporate by reference the preceding paragraphs of this Complaint, as

23  though fully set forth herein.

24    89.    The COUNTY is funded directly by the State of California and receives financial

25  assistance from the State of California sufficient to invoke the coverage of Government Code

26  §§11135, *et seq.* The COUNTY was the recipient of such funding and financial assistance at all

27  times relevant to the claims asserted in this Complaint.

28

1    90.    Defendants have refused and failed to provide Plaintiffs with full and equal access to

2    their facilities, programs, services and activities as required by California Government Code

3    §§11135, *et seq.*

4    91.    Plaintiffs CRAIG YATES, ELLEN LIEBER, RUSS BOHLKE, and VICKY BOHLKE

5    have submitted complaints to the COUNTY regarding disabilityaccess barriers.

6    92.    Plaintiff CRAIG YATES submitted several informal and formal complaints to Rocky

7    Burks, the former Marin County ADA coordinator, about access barriers at the County Jail and the

8    Marin Housing Authority. In response, the COUNTY hired Sally Swanson Architects to create a

9    transition plan. Sally Swanson found 145 access issues at the jail, which, to Plaintiff CRAIG

10   YATES's knowledge, have not been fixed. The transition plan for the Housing Authority has also

11   not been implemented. Plaintiff CRAIG YATES was informed by Rocky Burks, the COUNTY's

12   ADA Coordinator, that Defendants considered the proposed access improvements to be too

13   expensive. The COUNTY has repeatedly failed and refused to make access improvements requested

14   by Plaintiff CRAIG YATES despite his complaints.

15   93.    Plaintiff ELLEN LIEBER has complained several times to Rocky Burks, the

16   COUNTY's former ADA Coordinator, and William Campagna, the COUNTY's current ADA

17   Coordinator about the inaccessible bathrooms at the Civic Center, but the bathrooms remain

18   inaccessible. The COUNTY has repeatedly failed and refused to grant Plaintiff ELLEN LIEBER the

19   requested relief.

20   94.    Plaintiffs RUSS BOHLKE and VICKY BOHLKE submitted complaints to John Loll, a

21   former ADA coordinator, regarding access barriers at the Civic Center, as well as the path of travel

22   on the bridge connecting the COUNTY's Civic Center property and the Embassy Suites property.

23   These barriers have not yet been removed. County officials have repeatedly failed and refused to

24   make the access improvements requested by the BOHLKES.

25   **ALLEGATIONS SUPPORTING DECLARATORY AND INJUNCTIVE RELIEF**

26   95.    Plaintiffs incorporate by reference as though fully set forth herein the preceding

27   paragraphs of this Complaint.

28

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

1    96.    A present and actual controversy exists regarding the respective rights and obligations

2    of Plaintiffs and Defendants. Plaintiffs desire a judicial determination of their rights and Defendants'

3    obligations in a declaration as to whether, and to what extent, Defendants' conduct violates applicable

4    law.

5    97.    Such a declaration is necessary and appropriate at this time in order that Plaintiffs may

6    ascertain their rights. Such a declaration is also necessary and appropriate to prevent further harm or

7    infringement of Plaintiffs' rights.

8    98.    Plaintiffs have no adequate remedy at law for the harm to them arising from the

9    conduct alleged herein. Unless and until Defendants are preliminarily and permanently enjoined

10    from engaging in such conduct, Plaintiffs will continue to suffer irreparable harm as a result of their

11    exclusion from basic facilities, programs, services, and activities.

12    99.    Plaintiffs are entitled to declaratory and injunctive relief pursuant to each of the laws

13    under which this action is brought.

14    **PRAYER FOR RELIEF**

15    WHEREFORE, Plaintiffs respectfully pray that this Court:

16    1. Issue a declaratory judgment that Defendants' failure to provide full, equal, and safe access

17    for Plaintiffs to the programs, facilities, services, and activities that Defendants offer to non-disabled

18    persons violates the Plaintiffs' rights under Title II of the ADA, §§42 U.S.C. 12131, *et seq.*, and the

19    regulations promulgated thereunder, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §94,

20    and the regulations promulgated thereunder, California Civil Code §§51, *et seq.*; California Civil

21    Code §§54, *et seq.*; and California Government Code §§11135, *et seq.*

22    2. Issue a declaratory decree that the ongoing acts and omissions of the Board are taken under

23    color of law, policy, or custom, and deprive Plaintiffs of rights secured under Title II of the ADA and

24    Section 504 of the Rehabilitation Act.

25    3. Issue preliminary and permanent injunctions requiring Defendants to undertake remedial

26    measures to mitigate the effects of Defendants' past and ongoing violations of Title II of the ADA,

27

28

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

1  Section 504 of the Rehabilitation Act, and the regulations promulgated under each of these statutes.

2  At a minimum, Defendants should be enjoined to take the following actions:

3      a. Develop and implement plans to ensure that all existing COUNTY facilities are

4         made readily accessible to and usable by persons with disabilities, including,

5         without limitation, removal of all architectural barriers that pose safety hazards

6         individuals with disabilities;

7      b. Develop and implement plans to ensure that all future new construction and

8         alterations to COUNTY facilities comply with Title 24 of the California Code of

9         Regulations standards and Cal. Govt. Code §§4450, *et seq.*; and

10      c. Award to Plaintiffs all costs of this proceeding, including reasonable attorneys' fees

11         and costs, as provided by law;

12      d. Issue any other preliminary and permanent injunctions the Court deems sufficient to

13         rectify the acts and omissions alleged herein.

15  DATED: May 5, 2008                 SCHNEIDER WALLACE
16                                   COTTRELL BRAYTON
                                     KONECKY LLP

18                                      GUY B. WALLACE
19                                      Attorney for Plaintiffs

**ORIGINAL**

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**VRW**

## I. (a) PLAINTIFFS

Craig Yates, Ellen Lieber, Russ Bohlke, and Vicky Bohlke, on behalf of themselves and all others similarly situated

## DEFENDANTS

The County of Marin, Board of Supervisors: Steve Kinsey, Susan L. Adams, Harold C. Brown, Jr., Charles McGlashan, and Judy Arnold

**E-filing**

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Schneider Wallace Cottrell Brayton Konecky LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
415 421 7100

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                   and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | 26 USC 7609 | Under Equal Access to Justice |
| | ☒ 446 Amer. w/Disabilities – Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | Alien Detainee | | State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 another district (specify)
Transferred from
☐ 6 Multidistrict Litigation
Appeal to District
☐ 7 Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title II Americans with Disabilites Act of 1990, 42 U.S.C. §§12131

Brief description of cause:
Failure to provide full, equal, and safe access

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE
May 5, 2008

SIGNATURE OF ATTORNEY OF RECORD