UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**FILED**
08 MAY -5 PH 2: 15
RICHARD W.
CLERK, U.S. ... 
... COURT

| | |
|---|---|
| CRAIG YATES<br>Plaintiff (s)<br>v.<br>MARIN COUNTY OF    E-filing<br>Defendant(s). | C 08-02312 VRW<br>SCHEDULING ORDER FOR CASES<br>ASSERTING DENIAL OF RIGHT OF<br>ACCESS UNDER AMERICANS WITH<br>DISABILITIES ACT TITLE III (42 U.S.C §§<br>12181- 89) |

IT IS HEREBY ORDERED that this action is assigned to the Honorable <u>Vaughn R. Walker</u>. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this Order and the assigned judge's pertinent Standing Orders. This case is otherwise exempt from Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

## CASE SCHEDULE

| Date | Event | Rule(s) |
|---|---|---|
| 5/5/2008 | **Complaint filed** | |
| 7/7/2008 | **Last day for plaintiff to complete service on defendants or file motion for administrative relief from deadline** | <u>General Order 56; Civil Local Rule 7-11</u> |
| 7 days before Joint Site Inspection | **Last day for parties to complete initial disclosures, including defendant's disclosure re: construction or alteration history of subject premises** | <u>FRCivP 26(a);</u><br><u>General Order 56 ¶2;</u> |
| 8/13/2008 | **Last day for parties and counsel to hold joint inspection of premises, with or without meet-and-confer regarding settlement** | <u>General Order 56 ¶3,4;</u> |
| 10 business days after Joint Site Inspection | **Last day for parties to meet and confer in person to discuss settlement** | <u>General Order 56 ¶4;</u> |
| 45 days after Joint Site Inspection | **Last day for plaintiff to file "Notice of Need for Mediation"** | <u>General Order 56 ¶6;</u> |
| 7 calendar days after mediation | **Last day for plaintiff to file Motion for Administrative Relief Requesting Case Management Conference** | <u>General Order 56 ¶7; Civil Local Rule 7-11</u> |

1

2

3

4                          IN THE UNITED STATES DISTRICT COURT

5

6                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8                                              No  C              VRW

9                    Plaintiff,

                                               **ORDER SETTING CASE**
10        v                                    **MANAGEMENT CONFERENCE**

11

12

                   Defendant.
13

14        _____/

15

16            Pursuant to FRCP 16 and Civil LR 16-2, **IT IS ORDERED** that a Case

17    Management Conference will be called in this case before the undersigned Tuesday,

18    _____ at 9:00 am in Courtroom 6, 17th floor, at 450 Golden Gate

19    Avenue, San Francisco, California.

20            **IT IS FURTHER ORDERED** :

21            1.  Plaintiff is directed to serve, in accordance with the provisions of FRCP 4

22    and 5, copies of this order at once on all parties to this action, and on any parties

23    subsequently joined.  Following service, plaintiff shall file an appropriate certificate of

24    service with the court.

25            2.  Failure to serve the summons, complaint and this order on all parties

26    pursuant to FRCP 4 and 5 shall be presumptive evidence of lack of prosecution and subject

27    the complaint to dismissal under FRCP 41(b).  Except in the unusual case, the court expects

28    that by the time of conference, the answer or other responsive pleading shall have already

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1   been served and filed.  In the event a party files a motion to dismiss pursuant to FRCP 12,

2   the court will vacate the date of the Case Management Conference and will re-set it after

3   ruling on the motion to dismiss.  The court discourages the parties from extending time for

4   pleading or seeking extensions of time beyond those provided in the Federal Rules.

5          3.  Before appearing at the conference, the parties or their counsel, or both,

6   shall meet and confer about the substance of the action and the most expeditious means of

7   resolving this litigation.  To prepare for the conference, the parties shall review and comply

8   in all respects with the requirements of Civil L R 16-9.

9          4.  At the initial case management conference, the parties or at least one

10  attorney of record for each party must appear in person.  See FRCP 26(f); Civ LR 16-10(a).

11  The case management conference shall be conducted informally and not reported unless

12  one or more parties is not represented by counsel.  Failure of any party or counsel therefor

13  to attend, prepare for and participate in good faith in the conference shall be grounds for

14  appropriate sanctions.  FRCP 16(f).

15         5.  No continuance of the conference will be granted except by order of the

16  court upon application of a party.  The application shall be made seven days before the date

17  of the conference and supported by a declaration showing good cause.  In no event shall any

18  party request that the conference be scheduled more than 60 days after filing of the answer

19  by any party.

20         6.  The parties are directed to comply with Civil L R 37-1(b) for presentation of

21  a disclosure or discovery dispute not resolved by the conference required by Civil L R 37-

22  1(a).

23

24         **IT IS SO ORDERED.**

25

26

27   _____

28   VAUGHN R WALKER
     UNITED STATES DISTRICT CHIEF JUDGE

**STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA**

**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9.  The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.      Jurisdiction and Service:  The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.      Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.      Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.      Motions: All prior and pending motions, their current status, and any anticipated motions.

5.      Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.      Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.      Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.      Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.      Class Actions: If a class action, a proposal for how and when the class will be certified.

10.     Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.     Relief: All relief sought through complaint or counterclaim, including the amount of any

-1-

damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.